## CURTIS v. WILFLEY et al.

### (Circuit Court of Appeals, Ninth Circuit. December 7, 1908.)

### No. 1,598.

**1. APPEAL AND ERROR (§ 515*)—RECORDS—DIMINUTION—EVIDENCE.**

Where, on appeal from an order adjudging petitioner guilty of contempt for appearing in the United States Court for China, wherein he had not been admitted to practice, the transcript showed that he appeared and testified that he had been admitted to practice before the United States Supreme Court, before the courts of record of the state of New York, and before the United States Consular Court at Shanghai, and that the judgment was based solely on the fact that he had not complied with the rule of the United States Court for China relating to the admission of attorneys, it was not material that the record should also contain copies of petitioner's certificate of admission before the United States Supreme Court, the courts of record of New York, and the Consular Court at Shanghai.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2322; Dec. Dig. § 515.*]

**2. APPEAL AND ERROR (§ 493*)—RECORD—CONTENTS—CITATION—SERVICE.**

Where, on appeal from an order adjudging petitioner guilty of contempt, the transcript showed that the petitioner appeared and waived citation, it was not material that it should also show that no citation was issued, and that petitioner demanded a copy of the alleged citation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2284; Dec. Dig. § 493.*]

**3. APPEAL AND ERROR (§ 496*)—RECORD—CONTENTS.**

Where, on appeal from an order adjudging petitioner guilty of contempt in appearing as attorney for E. in the United States Court for China, the record showed that while E.'s statement made on August 22, 1907, was not under oath, he was sworn on August 26, 1907, in open court, and testified that he had read the transcript of his prior testimony, and that it was true with certain immaterial exceptions, petitioner was not entitled to have the record show that E. was examined without having first been sworn.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2288, 2292; Dec. Dig. § 496.*]

**4. APPEAL AND ERROR (§ 496*)—RECORD—CONTENTS.**

Where, on appeal from an order adjudging petitioner guilty of contempt in appearing as attorney for E., petitioner did not allege that he had ever demanded permission to inspect the testimony of E. or to cross-examine him as to his statements, or that the record of the trial court indicated any such request, petitioner was not entitled to have the appeal record show that E. made his statement in the private rooms of the judge, and that the statement was thereafter sworn to by E. in open court, and without being read, and without any opportunity afforded petitioner to know its contents, or to examine said E. on the same.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2288, 2292; Dec. Dig. § 496.*]

**5. CONTEMPT (§ 63*)—JUDGMENT—MODIFICATION—SECOND JUDGMENT.**

Where, in a contempt proceeding, the first judgment did not embrace the alternative of imprisonment in case the fine imposed was not paid, the court had power to enter a second judgment containing such alternative as its final judgment to take the place of the first.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 201; Dec. Dig. § 63.*

Liability of attorneys, see note to Anderson v. Comptois, 48 C. C. A. 7.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George F. Curtis, in pro. per.

Robert T. Devlin, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The petitioner, who is the appellant from a judgment adjudging him to have been guilty of contempt of court in the United States Court for China, suggests a diminution of the record, and applies for certiorari to bring before this court certain portions of the record in the court below which it is alleged are not embodied in the transcript. The alleged contempt of which the petitioner was adjudged guilty consisted in his persisting in appearing as an attorney for one H. A. C. Emery in said United States Court for China, whereas he had not been admitted to practice therein. The portions of the record which are said to have been omitted from the transcript are:

1. Copies of the petitioner's certificates of admission to practice before the United States Supreme Court, before the courts of record of the state of New York, and before the United States Consular Court at Shanghai, of which latter court the United States Court for China is alleged to be the successor. It does not appear that any of these instruments is necessary to the presentation of the petitioner's appeal. The transcript shows that he appeared and testified before the court below, stating that he had been admitted to all of the courts so named, except the United States Court for China, and that there was no evidence to the contrary; and the transcript further shows that the judgment of contempt was based solely on the fact that the petitioner had not complied with the rule of the United States Court for China relating to admission of attorneys to practice in that court.

2. The petition alleges that no citation was issued to the petitioner to appear and answer as for contempt, and that he demanded a copy of the alleged citation issued against him in said contempt proceedings, and he asks that there be sent up a copy of the record of the fact that he demanded a copy of the citation. To this it is sufficient to say that the record in the transcript shows that the petitioner appeared in the contempt proceedings and waived citation.

3. The petitioner demands the record of the fact that said H. A. C. Emery was examined as a witness in the contempt proceedings without having first been sworn. But the record shows that while Emery's statement was made on August 22, 1907, on question and answer, and not under oath, on August 26, 1907, he was sworn in open court and testified that he had read the transcript of the testimony so given by him, and found the same to be correct except in some few details which were of no consequence.

4. The petitioner alleges that Emery was called to the private rooms of the judge in the United States Court for China, where his statement was made, which statement was thereafter sworn to in open court without having been read in open court, and without permission to the petitioner to know the contents thereof or to examine said Emery on the same. The testimony of Emery thus given appears to have been taken to be used in his own behalf on contempt proceed-

ings against him, as well as in the contempt proceedings against the petitioner. The petitioner does not allege that he ever demanded permission to inspect the testimony or to cross-examine Emery as to the statements therein made, or that the record in the court below so indicates. There does not appear, therefore, anything in the record as to this feature of the case in the court below which has been omitted from the transcript. On the contrary, the judgment recites that the petitioner stated in open court that he had heard Emery's testimony read, and that he was ready to appear and explain his conduct in connection with the case.

5. The petitioner alleges that the first judgment rendered against him did not embrace the alternative of imprisonment in case the fine imposed by the court were not paid, and that that alternative was embodied in the second judgment, the judgment which appears in the transcript, the first judgment having not been modified, set aside, or reversed, and appeal therefrom having been denied. To this it is to be said that the court had it in its power to enter the second judgment as the final judgment of the court, and that the first judgment does not affect the interest of the petitioner, and could have no bearing upon the decision of this court upon the question whether he was properly adjudged guilty of contempt.

The petition will be denied.